IN THE UNITED STATES DISTRICT COURT
                     FOR THE SOUTHERN DISTRICT OF OHIO
                              EASTERN DIVISION


Dawn E. Kelley,                    :

        Plaintiff,                 :

    v.                             :        Case No. 2:10-cv-143

Judge Joseph J. Bruzzese,
    Jr., et al.,                   :        JUDGE HOLSCHUH

                                   :
        Defendants.

                         REPORT AND RECOMMENDATION

     Plaintiff, Dawn E. Kelley, submitted a request for leave to proceed *in forma pauperis* and a proposed civil complaint on February 18, 2010.  Plaintiff qualifies financially for a waiver of the filing fee, and her motion for leave to proceed *in forma pauperis* (#1) is therefore granted.  The case is now before the Court for the initial screening required by 28 U.S.C. §1915(e)(2).  For the following reasons, it will be recommended that the case be dismissed.

                         I.   Legal Standard

   28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled

to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). The complaint will be evaluated under these standards.

## II. Discussion

In her complaint, Ms. Kelley raises a number of issues relating to her trial in the Jefferson County Court of Common Pleas on criminal charges contained in a March 7, 2007 indictment. She claims that the trial procedure was flawed in a number of ways, including the fact that the presiding Judge and the prosecutor were formerly members of the same law firm, that the jury was racially imbalanced, that too much time elapsed between the dates of the alleged criminal conduct and the return of the indictment, that the prosecutor's husband, a police officer, was allowed to sit in the courtroom while others testified and then gave testimony himself, and that she was not permitted to confront the witnesses against her.

These claims are not new to this Court. In an almost identical complaint filed in Case No. 2:09-cv-237, Kelley v. Bruzzese, et al., Ms. Kelley sued the same defendants (with one exception, discussed below) and raised the essentially the same issues. In an Opinion and Order filed on July 21,

2009, the Court dismissed all of those claims and entered judgment against the plaintiff. The Court specifically found that the complaint did not state any claims upon which relief could be granted.

Ms. Kelley may not, simply by filing a new complaint, obtain a different decision on the question of whether her complaint states any viable claims. Rather, that aspect of the legal doctrine of *res judicata* known as "claim preclusion" prevents her from doing that. As the United States Supreme Court has stated, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dept. Stores v. Moitie, 452 U.S. 394, 398 (1981). The judgment in the prior case is final. Even though Ms. Kelley filed a notice of appeal in that case (which may not be proceeding because this Court certified, in an order filed on December 15, 2009 that her appeal was not taken in good faith), "it is well established that a final trial court judgment operates as *res judicata* while an appeal is pending." Commodities Export Co. v. U.S. Customs Service, 957 F.2d 223, 228 (6th Cir. 1992). Therefore, Ms. Kelley is precluded from raising these same claims again, or any other claims against the same defendants arising out of her trial and conviction, and they are subject to dismissal for that reason.

Ms. Kelley has added a new defendant and a new claim in her most recent complaint. The new defendant is Gene Gallo, who is described as the Director of the Eastern Ohio Correctional Facility located in Lisbon, Ohio. Ms. Kelley claims that he was somehow responsible for Judge Bruzzese's decision to sentence her to an additional six months in prison in May of 2009. Although it not entirely clear what

happened, Ms. Kelley appears to allege that Mr. Gallo filed a new criminal complaint against her when she refused to accept a pass to leave the prison in April, 2009.

To the extent that Ms. Kelley is challenging the lawfulness of her conviction on some new charge, as the Court's Opinion and Order in Case No. 2:09-cv-237 points out, she can do that only through a petition for a writ of habeas corpus filed under 28 U.S.C. §2254, and only if she has completely exhausted any appeals allowed by the State of Ohio.  Her complaint does not allege that she has sought any relief from this conviction or sentence from a state court, so this Court may not consider the lawfulness of that conviction and sentence.  Further, under the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), she cannot assert any claims in an action brought under 42 U.S.C. §1983 which would call into question the validity of that conviction unless and until it has been overturned by either a state court or a federal court.  She has not alleged that this has occurred.  Consequently, to the extent that she is claiming that Mr. Gallo was somehow responsible for her being wrongly convicted in state court, that claim is premature as long as her conviction has not been overturned.  For these reasons, her allegations against Mr. Gallo do not state a claim upon which relief can be granted, and that claim is also subject to being dismissed under  28 U.S.C. §1915(e)(2).

### III.  Recommended Disposition

For all of these reasons, it is recommended that this case be dismissed under 28 U.S.C. §1915(e)(2), and that, if this recommendation is accepted, a copy of the complaint and any dismissal order be mailed to the defendants.

### IV.  Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge